# ORIGINAL

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JAMES L DRIESSEN,

        Plaintiff,

    v.

LIBRARY OF CONGRESS;
JAMES HADLEY BILLINGTON, in his
official capacity as the Librarian of Congress;
THE UNITED STATES COPYRIGHT
OFFICE;
MARIA A. PALLANTE, in her official
capacity as the Register of Copyrights in the
UNITES STATES COPYRIGHT OFFICE;
and
ROBERT KASUNIC, in his official capacity
as Associate Register of Copyrights and
Director of Policy & Practices in the UNITED
STATES COPYRIGHT OFFICE,

        Defendants.

**FILED**

JUL – 1 2013

**U.S. COURT OF
FEDERAL CLAIMS**

Case No. 13-323C

Judge Marion Blank Horn

## DEFENDANT'S MOTION TO DISMISS

STUART F. DELERY
Acting Assistant Attorney General

JOHN FARGO
Director, Intellectual Property Staff
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone:   (202) 514-7223
Facsimile:    (202) 307-0345

Attorneys for the United States

U.S. COURT OF FEDERAL CLAIMS
OFFICE OF THE CLERK

JUL – 1 2013
July 1, 2013
RECEIVED

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

I.      INTRODUCTION .................................................................................................. 2

II.     BACKGROUND .................................................................................................... 2

III.    ARGUMENT .......................................................................................................... 3

        A.  This Court Lacks Subject Matter Jurisdiction Where Plaintiff's Claim is Not
            Founded on a Money Mandating Statute ..................................................... 3

            1.  Section 1491 Only Permits Incidental Non-Monetary Relief as Part of a
                Claim Under a Money Mandating Statute ........................................ 3

            2.  Plaintiff's Claim is Solely for Non-Monetary Relief, and Therefore, Lies
                Outside of this Court's Jurisdiction ................................................ 5

        B.  This Court Should Not Transfer This Case, but Rather, Dismiss It Because Plaintiff
            Fails to State a Cause of Action that Could Be Heard in Any Court........................... 5

            1.  Plaintiff Has No Exclusive Right That Is Registrable with the Copyright
                Office ....................................................................................... 5

            2.  The Copyright Office Lacks Statutory Authority to Establish a Registration
                System for Rights to Use Digital Media or to Declare First Sale a Right ........ 7

IV.     CONCLUSION........................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

Bowen v. Georgetown Univ. Hosp.,
    488 U.S. 204 (1988)...................................................................................... 7

Brown v. United States,
    105 F.3d 621 (Fed. Cir. 1997) ................................................................. 5

Capitol Records, LLC v. ReDigi Inc.,
    No. 12 Civ. 95 (RJS), slip op. at 9-13 (S.D.N.Y. Mar. 30, 2013) .......... 7

Chamberlain Group, Inc. v. Skylink Techs., Inc.,
    381 F.3d 1178 (Fed. Cir. 2004) ............................................................... 6

Darden v. Peters,
    488 F.3d 277 (4th Cir. 2007) ................................................................... 5

Delano Farms v. Cal. Table Grape Comm'n,
    655 F.3d 1337 (Fed. Cir. 2011) ............................................................... 4

DSC Commc'ns Corp. v. Pulse Commc'ns,
    170 F.3d 1354 (Fed. Cir. 1999) ............................................................... 6

Eastport S.S. Corp. v. United States,
    372 F.2d 1002 (Ct. Cl. 1967).................................................................... 4

F.C.C. v. American Broad. Co.,
    347 U.S. 284 (1954)................................................................................. 7

Kirtsaeng v. John Wiley & Sons, Inc.,
    133 S. Ct. 1351 (2013).............................................................................. 6

National Air Traffic Controllers Ass'n v. United States,
    160 F.3d 714 (Fed. Cir. 1998) ................................................................. 5

North Haven Bd. of Educ. v. Bell,
    456 U.S. 512 (1982)................................................................................. 8

Nova Stylings, Inc. v. Ladd,
    695 F.2d 1179 (9th Cir. 1983) ................................................................. 5

United States v. Calamaro,
    354 U.S. 351 (1957)................................................................................. 8

United States v. Mitchell,
    463 U.S. 206 (1983)................................................................................. 4

United States v. Rutherford,
    442 U.S. 544 (1979)...............................................................................8

United States v. Sherwood,
    312 U.S. 584 (1941)...............................................................................4

United States v. Testan,
    424 U.S. 392 (1976)...............................................................................4

**Statutes**
17 U.S.C. § 101 ..........................................................................................6

17 U.S.C. § 106 ....................................................................................6, 7, 8

17 U.S.C. § 109 ..................................................................................3, 6, 7, 8

17 U.S.C. § 201 ..........................................................................................6

17 U.S.C. § 202 ..........................................................................................6

17 U.S.C. § 401 ..........................................................................................8

17 U.S.C. § 408 ........................................................................................6, 8

17 U.S.C. § 512 ..........................................................................................8

17 U.S.C. § 702 ..........................................................................................7

17 U.S.C. § 1201 ........................................................................................8

28 U.S.C. § 1491 ....................................................................................2, 3, 4

28 U.S.C. § 1631 ........................................................................................5


**Other Authorities**
Copyright Amendments Act of 1992, Pub. L. No. 102-307, 106 Stat. 264 (1992) ...................... 8

Digital Performance Right in Sound Recordings Act of 1995, Pub. L. No. 104-39,
    109 Stat. 336 (1995) ...............................................................................8

U.S. Copyright Office's Digital Millennium Copyright Act, § 104 Report (2001)........................ 7

**Rules**
37 C.F.R. § 201.5 ........................................................................................3

37 C.F.R. § 205.3 ......................................................................................8, 9

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JAMES L DRIESSEN,<br><br>           Plaintiff,<br><br>    v.<br><br>LIBRARY OF CONGRESS;<br>JAMES HADLEY BILLINGTON, in his<br>official capacity as the Librarian of Congress;<br>THE UNITED STATES COPYRIGHT<br>OFFICE;<br>MARIA A. PALLANTE, in her official<br>capacity as the Register of Copyrights in the<br>UNITES STATES COPYRIGHT OFFICE;<br>and<br>ROBERT KASUNIC, in his official capacity<br>as Associate Register of Copyrights and<br>Director of Policy & Practices in the UNITED<br>STATES COPYRIGHT OFFICE,<br><br>           Defendants. | Case No. 11-323C<br><br>Judge Marion Blank Horn |

### DEFENDANT'S MOTION TO DISMISS

Defendants, collectively The United States,[1] hereby move to dismiss the Complaint under

RCFC 12(b)(1) and 12(b)(6).

---

[1] While plaintiff has named the Library of Congress, and the United States Copyright Office, two components of the government, along with the Register and Associate Register of the Copyright Office as defendants, it is well established that the United States is the only proper defendant in the Court of Federal Claims. 28 U.S.C. § 1491(a); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The court's] jurisdiction is confined to the rendition of money judgments in suit brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"); *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

## I.   INTRODUCTION

In his Complaint, filed May 7, 2013, plaintiff purports to bring an action for non-monetary relief, specifically one for a declaratory judgment. In essence, the non-monetary relief sought by plaintiff is that:

(a) the Court declare that plaintiff as the lawful purchaser of certain digital recordings and movies is entitled to the exclusive right to enjoy them for home use (Complaint ¶ 26(a), (b));

(b) the Court declare that plaintiff is entitled to register his "exclusive right" to enjoyment of the recordings and movies that he has purchased, and that Congress has authorized the Copyright Office to make such copyright registrations (Compl. ¶ 26(c)); and

(c) the Court order the Copyright Office to promulgate regulations and set fees for the registration of a purchaser's "exclusive right" to enjoyment of the media that it has purchased for home use (Compl. ¶ 26(d)).

Plaintiff premises subject matter jurisdiction on 28 U.S.C. § 1491, alleging that this is a claim against the government founded on the Constitution, and Act of Congress or a regulation adopted by an executive department, or upon an express or implied contract with the United States. (Compl. ¶ 10). Plaintiff also alleges that his claim is not founded on the Administrative Procedures Act. (Compl. ¶ 11).

## II.   BACKGROUND

This action appears to be an outgrowth of a petition filed by Vibme, Inc. seeking to require the Copyright Office to conduct a rulemaking proceeding to permit purchasers of media to register their claims to the right to enjoy use of the media that they have purchased. (Compl. at ¶ 18–20). Plaintiff also submitted a variation on a supplemental registration, which allows an author or other copyright claimant to correct or amplify information provided in an existing

registration. 37 C.F.R. § 201.5 (2012).  However, plaintiff modified and filed the modified form, without paying any fees, to amend existing registrations to reflect this alleged exclusive right in connection with a compact disc recording (Dark Side of the Moon) and two motion picture DVDs (Short Circuit and The Outlaw Josie Wales).  (Compl., Doc. 1-1 at pp. 1–10).  Plaintiff is not an author, claimant, owner, or agent of the copyright claimants listed under the existing registrations.

The Copyright Office denied both the petition for rulemaking, and a petition for reconsideration.  (Compl., Doc 1-1 at pp. 47–49, 59–61).  The Copyright Office concluded that it lacked any statutory authority that would enable it to establish a registration system for claims that one who has purchased digital media has the right to use it.  As recognized in the Copyright Office's denial of plaintiff's petition for reconsideration, aside from a flawed premise in plaintiff's argument that the first sale doctrine embodied in 17 U.S.C. § 109 somehow grants it some exclusive right, "[n]owhere in section 109 is the Copyright Office authorized to establish a registration system for ownership rights in the first-sale of online digital media." (Compl., Doc 1-1 at p. 60).

Nowhere in plaintiff's Complaint does he allege that any copyright owner in the digital media that he has sought to register has ever threatened him with suit for copyright infringement in relation to his use of the media that alleges he has lawfully purchased.

## III.   ARGUMENT

### A.   This Court Lacks Subject Matter Jurisdiction Where Plaintiff's Claim is Not Founded on a Money Mandating Statute

#### 1.   Section 1491 Only Permits Incidental Non-Monetary Relief as Part of a Claim Under a Money Mandating Statute

Plaintiff cites section 1491 as the sole basis for subject matter jurisdiction for his claim for declaratory relief. Under that statute, the Court of Federal Claims has jurisdiction over claims against the United States "founded" upon "any Act of Congress . . . or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). "The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Where, as here, the jurisdiction of the Court of Federal Claims is invoked based upon a statutory claim, the question is whether "the legislation which the claimant cites can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967), *quoted with approval in Testan*, 424 U.S. at 400. Unless the statute requires the payment of money damages, there has been no waiver of the government's sovereign immunity from liability for such damages, and the Court of Federal Claims would not have jurisdiction to entertain the claim. *Testan*, 424 U.S. at 399; *see also United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *United States v. Sherwood*, 312 U.S. 584, 586–88 (1941).

Plaintiff does not seek any monetary damages against the United States, or any of the defendants, for that matter. Rather, he seeks only non-monetary relief which he characterizes as a declaratory judgment. [2] While the government may, in some cases, be subject to a suit for a declaratory judgment, those suits are brought in district court. *Delano Farms v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1348 (Fed. Cir. 2011) (holding that government may be sued for

---

[2]   Plaintiff's request for an order requiring the Copyright Office to promulgate regulations is better characterized as seeking *mandamus* against the Copyright Office. But, the proper characterization of this claim is immaterial to the lack of subject matter jurisdiction to hear it in this court.

a declaratory judgment that patent owned by agency is invalid). Indeed, the Federal Circuit has held that the Court of Federal Claims lacks jurisdiction over a suit for a declaratory judgment against the government, where no monetary claim is involved. *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716–17 (Fed. Cir. 1998); *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997).

> **2.    Plaintiff's Claim is Solely for Non-Monetary Relief, and Therefore, Lies Outside of this Court's Jurisdiction**

Here, plaintiff's claims are clearly for non-monetary relief – a declaratory judgment and an injunction requiring the Copyright Office to conduct rulemaking and promulgate regulations. At no point does plaintiff assert any claim for monetary relief. Given that, it is clear that this action does not lie within the limited jurisdiction of this Court.

It is also worth noting that, where copyright registration has been refused, a copyright applicant may sue the Copyright Office in district court under the APA. *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1182 (9th Cir. 1983). *See also Darden v. Peters*, 488 F.3d 277 (4th Cir. 2007) (affirming denial of registration in an APA action against the Register).

> **B.    This Court Should Not Transfer This Case, but Rather, Dismiss It Because Plaintiff Fails to State a Cause of Action that Could Be Heard in Any Court**

This Court should not transfer this action to a district court under 28 U.S.C. § 1631 because any such transfer would be futile. As discussed below, plaintiff's claims would not be cognizable in any court.

> **1.    Plaintiff Has No Exclusive Right That Is Registrable with the Copyright Office**

Plaintiff contends that, as a "lawful purchaser and owner of content media" (Compl. ¶ 26(a)), he is entitled to "exclusive first sale distribution rights" (Compl. ¶ 18). Plaintiff also alleges that he has the exclusive right to enjoy the media (Compl. ¶ 26(a)), on the basis that if

another "took those rights with the intent to permanently deprive" him of those rights, he could request arrest, detainment, and criminal prosecution. (Compl. ¶ 9). These allegations fail to demonstrate any exclusive right that can be registered by the Copyright Office.

The Copyright Act grants the copyright owner exclusive rights to do and authorize (1) reproduction, (2) preparation of derivative works, (3) distribution, (4) public performance, (5) public display, and (6) performance by digital audio transmission. 17 U.S.C. § 106 (2006). It does not include the right to enjoy lawfully purchased media as an exclusive right in the work, nor does it provide for registration thereof. 17 U.S.C. § 408 (2006) ("[T]he owner of copyright or of any exclusive right in the work may obtain registration. . . .").

While a copyright owner may transfer any or all exclusive rights, 17 U.S.C. § 201, plaintiff purports to receive exclusive rights on the basis of lawful purchase of media, and not through an exclusive license or similar conveyance, 17 U.S.C. § 101 (2006) ("A 'transfer of copyright ownership' is an assignment, mortgage, exclusive license, or any other conveyance. . . of a copyright or of any of the exclusive rights comprised in a copyright . . . ."). "Consumers who purchase a product containing a copy of [a copyrighted work] have the inherent legal right to use that copy of the software," *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1202 (Fed. Cir. 2004); however, ownership of any material object in which the work is embodied is distinct from ownership of a copyright or of the exclusive rights under a copyright, and ***does not convey any rights in the copyrighted work***, 17 U.S.C. § 202 (2006).

The first sale doctrine embodied by 17 U.S.C. § 109 does not grant a lawful purchaser an exclusive right, but limits the copyright owner's distribution rights. *See DSC Commc'ns Corp. v. Pulse Commc'ns*, 170 F.3d 1354, 1361 (Fed. Cir. 1999); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1354–55 (2013) ("In copyright jargon, the 'first sale' has "exhausted" the

copyright owner's § 106(3) exclusive distribution right."). It does not apply at all to digital

transmissions, if alienation results in a reproduction rather than distribution alone. U.S.

Copyright Office's Digital Millennium Copyright Act, § 104 Report, at 78–80 (2001); *see also*

*Capitol Records, LLC v. ReDigi Inc.*, No. 12 Civ. 95 (RJS), slip op. at 9–13 (S.D.N.Y. Mar. 30,

2013) (holding that the first sale doctrine does not permit resale of a digital music file and that

uploading to and downloading from the cloud "incident to a sale" falls outside the scope of fair

use). By purchasing movies and a record album, plaintiff has the right "to sell or otherwise

dispose of the possession" of his copies, 17 U.S.C. § 109, but no exclusive rights in the works

under copyright law, 17 U.S.C. § 106.

Because plaintiff has not identified a registrable copyright or exclusive right in the works,

his request that the Court declare exclusive rights to lawful enjoyment and order the Copyright

office to allow permissive registration thereof should be dismissed.

> **2.     The Copyright Office Lacks Statutory Authority to Establish a
> Registration System for Rights to Use Digital Media or to Declare
> First Sale a Right**

The Copyright Office is an administrative agency with only the powers delegated to it by

statute underlying its authority. *See generally, F.C.C. v. American Broad. Co.*, 347 U.S. 284,

296–97 (1954); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("It is axiomatic

that an administrative agency's power to promulgate legislative regulations is limited to the

authority delegated by Congress"). Under 17 U.S.C. § 702, the Register of Copyrights is

authorized to issue regulations necessary to administer "the functions and duties made the

responsibility of the Register under this title." Here, plaintiff requests that the Copyright Office

issue regulations for permissive registration of the purported exclusive right to enjoy lawfully

purchased media (Compl. ¶ 26(a)) and "first sale distribution rights" (Compl. ¶ 9). (Compl. ¶¶ 26(c), (d)).

The Copyright Office lacks the authority to declare first sale or lawful enjoyment a registrable exclusive right. As discussed above, neither is an exclusive right in the work, 17 U.S.C. § 106, nor has either been recognized as eligible for registration, under 17 U.S.C. § 408(a) or otherwise. The addition of § 106(6) by the Digital Performance Right in Sound Recordings Act of 1995, Pub. L. No. 104-39, 109 Stat. 336 (1995), and of § 408(f) by the Copyright Amendments Act of 1992, Pub. L. No. 102-307, 106 Stat. 264 (1992), lend further support for this view. The Supreme Court has held that "[w]here 'an agency's statutory construction has been fully brought to the attention of the public and the Congress, and the latter has not sought to alter that interpretation although it has amended the statute in other respects, then presumably the legislative intent has been correctly discerned.'" *North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 535 (1982) (quoting *United States v. Rutherford*, 442 U.S. 544, 554 n. 10 (1979)).

While the Copyright Office is granted specific authority to engage in rulemaking for various responsibilities, 17 U.S.C. §§ 401(c), 512(c)(2), 1201(a)(1), nowhere in 17 U.S.C. § 109 is it authorized to establish a registration system for ownership rights relating to the first sale doctrine. Nor does any part of the Copyright Act authorize a registration system for lawful enjoyment rights. Rulemaking to allow registration of rights not listed with exclusive rights in the work under 17 U.S.C. § 106 would be "no more than an attempted addition to the statute of something which is not there." *United States v. Calamaro*, 354 U.S. 351, 359 (1957).

Plaintiff notes that, in extraordinary situations, the General Counsel may waive or suspend the rules of 37 C.F.R. § 205 (Compl., Doc 1-1 at p. 14); however, "[t]his rule does not create any right or benefit, substantive or procedural, enforceable at law by a party against the

8

Copyright Office, the Library of Congress, or the United States." 37 C.F.R. § 205.3.  Nor does it

provide the General Counsel to permit registration of a right that is not recognized in the statute

that enables those rules.

In short, the Copyright Office lacks the statutory authority to establish a registration

system for rights relating to lawful enjoyment or the first sale doctrine.  As such, plaintiff's

request for a declaration of such authority and remand with instructions ordering the Copyright

Office to develop and implement such a system should be dismissed.

## IV.   CONCLUSION

For the reasons stated above, defendant requests that this motion be granted and

plaintiff's Complaint dismissed.

Respectfully submitted,


STUART F. DELERY
Acting Assistant Attorney General


JOHN FARGO
Director, Intellectual Property Staff
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone:    (202) 514-7223
Facsimile:     (202) 307-0345

Attorneys for the United States

July 1, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of "DEFENDANT'S MOTION TO DISMISS" was sent

by first-class mail, postage prepaid, this 1st day of July 2013 to:

James L. Driessen
305 N 1130 E
Lindon, Utah 84042
Telephone: (801) 360-8044

*Pro Se* Plaintiff


Elizabeth Elliott
Department of Justice
Telephone: (202) 514-6681